Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DAVENPORT, an individual, | Case No.: |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | JURY TRIAL DEMANDED |
| CHINA EASTERN AIRLINES CO. LTD, a Chinese Limited Company; and DOES 1 through 10, | |
| Defendants. | |

SCOTT DAVENPORT, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1
COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff SCOTT DAVENPORT ("DAVENPORT") is an individual residing in the San Diego, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant CHINA EASTERN AIRLINES CO. LTD, is a Chinese Limited Company doing business in this district with a corporate office located at 55 South Lake Avenue, Suite 120, Pasadena, California 91101, and is the owner of the website at us.ceair.com.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

8. Plaintiff DAVENPORT owns an original photograph entitled "SD00003" (the "Subject Photograph") that was registered with the United States Copyright Office on October 2, 2017 with the Registration Number VA-2-069-734. Plaintiff is the sole owner of the exclusive rights in the Subject Photograph.

9. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photograph, CHINA EASTERN AIRLINES CO. LTD, DOE Defendants, and each of them used the Subject Photograph without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as facebook.com/chinaeasternairlinesmnl/posts/2402335019799694.

10. An image of the Subject Photograph and a screen capture of Defendant's website with the Subject Photograph embedded are set forth hereinbelow ("Infringing Content"):

**Subject Photograph**



**Screen Capture**



[https://www.facebook.com/chinaeasternairlinesmnl/posts/2402335019799694]

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

11. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

12. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through Plaintiff's website and social media accounts or viewing the Subject Photograph on third-party websites (e.g., Tumblr, Pinterest, etc.).

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images of the Subject Photograph, and exploited said images in multiple website posts without Plaintiff's authorization or consent.

14. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Photograph in an amount to be established at trial.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

17. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

18. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

19. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the

right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

20. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

22. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

23. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

24. The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author,

25. Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above,

from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same.

26. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph on website(s), including but not limited those website(s) reflected in the screen capture herein above, bearing its own name, and removing Plaintiff's attribution information, including without limitation his name.

27. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Photograph;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

  d. That Plaintiff be awarded pre-judgment interest as allowed by law;

  e. That Plaintiff be awarded the costs of this action; and

  f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: September 9, 2020  By: /s/ *Scott Alan Burroughs*
            Scott Alan Burroughs, Esq.
            Justin M. Gomes, Esq.
            DONIGER/BURROUGHS
            Attorneys for Plaintiff